# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| INTERNATIONAL EQUIPMENT TRADING, LTD., an Illinois corporation, | ) ) | No. 1:17-cv-05010 |
| | ) | Honorable Marvin E. Aspen |
| Plaintiff, | ) ) | |
| | ) | Magistrate Judge M. David |
| v. | ) | Weisman |
| | ) | |
| ILLUMINA, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## CONFIDENTIALITY ORDER

The parties to this action, having agreed to certain terms and having disagreed as to other terms, have jointly moved that the Court enter a confidentiality order. The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court; accordingly, it is ORDERED:

1.      Scope.  All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information and Highly Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.      Confidential Information and Highly Confidential Information (collectively, "Protected Material(s)").

        (a)      Confidential Information.  As used in this Order, "Confidential

Information" means information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by the producing party that is commercially, competitively, or otherwise sensitive, including but not limited to information that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, development, technical, proprietary, commercial, or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information. Information or documents that are available to the public may not be designated as Confidential Information.

(b)     Highly Confidential Information.   As used in this Order, "Highly Confidential Information" means information designated as "HIGHLY CONFIDENTIAL - COUNSEL'S EYES ONLY" that is Confidential (see Paragraph 2(a)), and that, in addition, in the good faith belief of the designating party and its Counsel, is among that considered to be most sensitive by the party or of another party to which a duty of confidentiality is owed, including but not limited to trade secret or other confidential research, development, proprietary, financial or other commercial information.   Absent unusual circumstances, Highly Confidential Information does not include any of the following: communications between the parties; agreements between any of the parties and their customers (such as license agreements or terms and conditions of sale) that do not provide as one of its terms that the parties to the contract are to treat the contract as "confidential," or maintain as confidential to all parties to the contract; and organizational charts.

3.     Designation.

(a)     A party may designate a document as Confidential Information or Highly Confidential Information for protection under this Order by placing or affixing the words

2

"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - COUNSEL'S EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Protected Material. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Protected Material are not required to be marked. Within five (5) business days of producing material marked "HIGHLY CONFIDENTIAL - COUNSEL'S EYES ONLY," the designating party shall provide a separate log identifying such material by Bates number.

(b)     Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators, information indicating whether the file contains Protected Material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the designating party and including the bates number and designation associated with the native

3

file.

        (c)      When Protected Material is disclosed in a form not appropriate for placing or affixing a legend in accordance with the above, such Protected Material shall be designated as Protected Material in writing at the time it is delivered to the receiving party.

        (d)      A party may increase the designation (*i.e.*, change any material produced without a designation to a designation of Confidential or Highly Confidential or change any material produced as Confidential to a designation of Highly Confidential) of any document that contains that party's own Protected Material. Increasing a designation shall be accomplished by providing written notice to all parties identifying (by bates number or other individually identifiable information) the material whose designation is to be increased. Promptly after providing such notice, the designating party shall provide re-labeled copies of the materials to each receiving party reflecting the change in designation. The receiving party will replace the prior designated materials with the newly designated materials and will destroy the prior designated materials. Any party may object to the increased designation pursuant to the procedures set forth in Paragraph 9 of this Agreed Confidentiality Order regarding challenging designations. The upward designating party shall bear the burden of establishing the basis for the increased designation.

        (e)      In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "HIGHLY CONFIDENTIAL - COUNSEL'S EYES ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to

the inspecting party, mark the copies of those materials that contain Protected Material with the appropriate confidentiality marking.

(f) In the event that a designating party produces two or more identical copies of a document of which at least one copy is designated as Confidential or Highly Confidential and at least one copy is not so designated, once such a discrepancy is discovered, all copies of the document shall be treated with the protection so designated. If a receiving party identifies such a discrepancy, it shall promptly notify the designating party. Once the designating party identifies or becomes aware of the discrepancy, it shall promptly notify all other parties to the Action.

(g) The designation of a document as Protected Material is a certification by an attorney or a party appearing pro se that the document contains Protected Material as defined in this order.[1]

4. Depositions.

(a) Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Highly Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given regardless of whether a transcript has been ordered or received. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Protected Material, and thereafter only those portions

---

[1] An attorney who reviews the documents and designates them as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing as local counsel in the case on behalf of a party. By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Protected Material, unless otherwise ordered by the Court.

(b)       Notwithstanding section 4(a), a party (within the meaning of section 5(b)(2) below) shall not be excluded from a deposition solely because the deposition testimony is presumed Highly Confidential Information.  Rather, a party may only be excluded from a deposition if the other party specifically designates the anticipated deposition testimony as Highly Confidential on the record at the time the testimony is taken.  Such designation shall be specific as to the testimony that is likely to contain Highly Confidential Information, and the exclusion of the party shall only last for as long as the testimony concerns Highly Confidential Information.

(c)       The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - COUNSEL'S EYES ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

(d)       The use of a document as an exhibit at a deposition shall not in any way affect its designation as Protected Material.

5.       Protection of Confidential Material.

(a)       General Protections.  Protected Material shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.  Protected Material

must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below.

(b)     Limited Third-Party Disclosures.  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1)     Counsel. Counsel for the parties and employees of counsel to whom it is reasonably necessary to disclose the information in connection with action;

(2)     Parties.  Individual parties and employees of a party, not including counsel, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed, and only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(3)     The Court and its personnel, including any court to which a party petitions for discovery of a non-party, any appellate court, necessary court personnel, and jurors, as well as any mediator or arbitrator engaged by the named parties in connection with this action, including their staff;

(4)     Court Reporters and Recorders. Court reporters and recorders engaged for depositions, including stenographers and video operators, and their staff, to whom disclosure is reasonably necessary for this action;

(5)     Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents, in addition to database service providers, trial support firms, graphic production services, litigation jury support services, professional jury or trial consultants, professional vendors, and translators engaged by the parties during this action to whom disclosure is reasonably necessary for this action;

(6)     Consultants and Experts. Consultants, investigators, or experts, including their staff, who have been retained by the parties or counsel for the parties to assist in the preparation and trial of this action, but only provided that disclosure is only to the extent necessary to perform such work; and only provided that such consultant, investigator, or expert is not a current

officer, director, or employee of a party, nor anticipated at the time of retention to become an officer, director or employee of a party; and only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7)     Witnesses at depositions. During their depositions and deposition preparation, witnesses in this action to whom disclosure is reasonably necessary and who have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.   Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.   Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8)     Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation), or a custodian or other person who otherwise possessed or knew the information; and

(9)     Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose Highly Confidential Information only to those identified in Paragraphs 5(b)(1), (3), (4), (5), (6), (7), and (8) of this Order, and to any individual specifically designated pursuant to Paragraph 5(b)(9).

(c)     Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Material.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.  Experts and vendors that assist in trial preparation authorized to view Protected Material under the terms of this Order may retain custody of copies to the extent necessary for their participation in this litigation.

(d)     Disclosure to an Expert or Consultant.  A party seeking to disclose Highly Confidential Information to an expert (or a member of the expert's staff), or to a consultant must provide a written identification of the expert or consultant and a copy of his or her curriculum vitae and a list of all other cases in which, during the previous 4 years, he or she testified as an expert at trial or by deposition to the designating party at least ten business days prior to disclosure.  If the designating party has good cause to object to the disclosure (which does not include challenging the qualifications of the expert), it must serve a written objection on the party proposing to make the disclosure within ten business days after service.  Unless the parties resolve the dispute within ten business days after service of the objection, the designating party must move the Court promptly for a ruling, and the Highly Confidential Information may not be disclosed to the expert without the Court's approval.  This provision does not affect any rights or obligations of the parties under the Federal Rules of Civil Procedure, including the ability of a party to move to quash a subpoena under Federal Rule of Civil Procedure 45(d)(3)(B)(ii), and the obligations of the parties to disclose expert testimony pursuant to Federal Rule of Civil Procedure 26(a)(2).

(e)     Unauthorized or Inadvertent Disclosure.  All Protected Material must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action.  Counsel for each party, and each person receiving Protected Material, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Protected Material is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by

9

the party and by the person(s) receiving the unauthorized disclosure. In addition, the party responsible for the unauthorized disclosure must make all reasonable efforts to recover the Protected Material from the person(s) to whom unauthorized disclosure was made and take all reasonable efforts to ensure those persons do not retain any copies of the Protected Material or use such information in a manner inconsistent with this Protective Order, including requesting those person(s) to whom unauthorized disclosure was made to read and execute the "Acknowledgment of Understanding and Agreement to Be Bound." Any such Acknowledgements must be provided to the producing party within ten (10) business days of execution by any unauthorized person(s).

(f)     Attorney-Client Relationship. Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Protected Material, provided that the contents of the Protected Material must not be disclosed.

6.     Inadvertent Failure to Designate and Inadvertent Production.

(a)     Inadvertent Failure to Designate.

(i)     Late Designation. An inadvertent failure to designate a document as Protected Material does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Protected Material after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the

designating party in writing of each such disclosure.

    (ii) No Designation.  In the event that materials are produced without a confidentiality designation that the receiving party has reason to believe constitute Protected Material, the receiving party shall notify the producing party and treat the materials as Protected Material until such time as the producing party has either confirmed that it intended to produce the materials without a confidentiality designation or designated the materials as Protected Material pursuant to this Protective Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated as Protected Material, even where the failure to so designate was inadvertent and where the material is subsequently designated as Protected Material.

    (b) Inadvertent Production.  The inadvertent production of any privileged or otherwise protected or exempted information, as well as the inadvertent production of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information.  The producing party shall promptly notify the receiving party in writing when any inadvertent production is discovered.  Upon receiving written notice from the producing party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, including records of all analysis or discussion made in connection with such inadvertently production information, shall be promptly destroyed or returned to counsel for the producing party and the receiving party shall, within five (5) business days, confirm destruction or return of such information, and shall not use such information for any purpose.  Nothing within this Order will prejudice the right of any party to

object to the production of any material on the grounds that the material is protected as privileged or as attorney work product.

7.      Filing of Protected Material.

(a)      This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Protected Material in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

(b)      Without written permission from the designating party, before any documents or other materials that are designated as, or contain, Protected Material (including, without limitation, materials produced in discovery, pleadings, motion papers, transcripts, recordings, and discovery responses) are filed with the Court for any purpose, the party seeking to file such materials must seek permission of the Court to file the materials under seal.

8.      No Greater Protection of Specific Documents. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9.      Challenges by a Party to Designation as Protected Material. The designation of any material or document as Protected Material is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a)      Meet and Confer. A party challenging the designation of Protected Material must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper, identifying particular

documents and explaining why it believes the designation was improper with respect to each document. The challenging party must do so within ten (10) business days after the designation was made, or else waive its right to challenge the designation. The challenging party must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within ten (10) business days. The parties shall discuss (a) the appropriateness of the designations; (b) in the case of Highly Confidential Information, whether the dispute can be resolved by the designating party consenting to specific individuals reviewing the material for specific purposes; and (c) whether it is possible to resolve the dispute by the designating party agreeing to provide redacted versions of the documents at issue. If the challenging party maintains its objections and the designating party declines to change the designation to the challenging party's satisfaction, the challenging party shall have five (5) business days from the date on which it received the declination to challenge the designation by bringing a motion before the Court. If the challenging party does not bring a motion within that time frame, it shall be deemed to have waived its right to challenge the designation.

(b)     Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Protected Material under the terms of this Order.

10.     Action by the Court.  Applications to the Court for an order relating to materials or documents designated as Protected Material shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11.     Use of Confidential Documents or Information at Trial.  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Protected Material at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Protected Material. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12.     Protected Material Subpoenaed or Ordered Produced in Other Litigation.

(a)     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Protected Material, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The designating party must notify the receiving party within 14 calendar days of receiving the notice and accompanying information if it intends to seek a protective

order from the court that issued the subpoena or order to avoid disclosure of the Protected Material.

(d)     If the designating party timely seeks a protective order, the receiving party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the designating party consents to such production in writing. The designating party shall bear the burden and expense of seeking protection of its Protected Material in the court that issued the subpoena or court order.

(e)     If the designating party fails to object or seek a protective order from the court within 14 calendar days of receiving the notice and accompanying information, the receiving party may produce the Protected Material responsive to the subpoena or court order.

(f)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information or Highly Confidential Information in the court from which the subpoena or order issued.  Nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Protected Material by the other party to this case.

13.     Members of the Public and Non-Parties

(a)     Challenges  by Members of the Public to Sealing Orders.  A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

(b)     Application to Non-Parties. Any non-party producing Protected Material in this action may be included in this Order by endorsing a copy of it and delivering the endorsed copy to the party that made the request for information. The requesting party, in turn, shall file the endorsed copy with the Court and serve it on counsel for the other parties. The parties to this action may designate information produced by other parties or non-parties as Confidential or Highly Confidential as consistent with the terms and provisions of this Order. In the event that additional persons or entities become parties to this action, such parties shall not have access to Protected Material produced by or obtained from any designating party until the newly-joined parties or their counsel confirm in writing to all other parties that they have read this Order and agree to be bound by its terms.

14.     Obligations on Conclusion of Litigation.

(a)     Order Continues in Force.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     Obligations at Conclusion of Litigation. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Protected Material, including copies as defined in ¶ 3(a), shall be returned to the producing party or destroyed, at the option of the receiving party, and all such information must be purged from all machine-readable media on which it resides, unless the document has been offered into evidence or filed without restriction as to disclosure.  Whether the Protected Material is returned or destroyed, the receiving party must submit a written certification to the designating party by the sixty-three day deadline that describes all the Protected Material that was returned or destroyed and affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.

(c)     Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to Protected Material so long as that work product does not duplicate verbatim substantial portions of Protected Material, and (2) one complete set of all documents filed with the Court, including those filed under seal, or served on the opposing party, exclusive of materials served in discovery, but inclusive of pleadings, briefs, memoranda, motions, deposition transcripts, exhibits, and expert reports.  Any retained Protected Material shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Material, or otherwise violate the terms of this Order.

(d)     Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.  Filings under seal shall be deleted from the ECF system only upon order of the Court.

15.     Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.  The restrictions and obligations within this Order shall survive the termination of this matter until modified, superseded, or terminated on the record by agreement of the parties or by an order of this Court.

16.     No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Protected Material by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may

17

rule on a specific document or issue.

17.     Persons Bound.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered.

Dated: _____, 2019          _____

U.S. District Judge

| | | |
|---|---|---|
| INTERNATIONAL EQUIPMENT TRADING, LTD., an Illinois corporation, | ) ) ) | No. 1:17-cv-05010 |
| Plaintiff, | ) ) | Honorable Marvin E. Aspen |
| v. | ) ) | Magistrate Judge M. David Weisman |
| ILLUMINA, INC. | ) ) | |
| Defendant. | ) | |

## ATTACHMENT A: ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____          _____
                                                   Signature